IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

CIVIL CASE NO.: 3:22-cv-28

MICHAEL MOTYLINSKI,

        Plaintiff,

vs.

RYAN C. MEADE and QUINTAIROS,
PRIETO, WOOD & BOYER, P.A.,

        Defendants.
_____/

## NOTICE OF REMOVAL

Without submitting to the jurisdiction of this Court and without waiving any available defenses, Defendants RYAN C. MEADE ("Meade") and QUINTAIROS, PRIETO, WOOD & BOYER, P.A. ("QPWB"), (collectively, "Defendants"), jointly file this Notice of Removal from the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, to the District Court of the Virgin Islands, Division of St. St. Thomas and St. John, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1] Removal is appropriate under 28 U.S.C. § 1441(b) because this is a diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Defendants state as follows:

---

[1] By removing this action to this Court, no Defendant waives any defenses, objections, or motions available under territorial, state or federal law. Defendants expressly reserve the right to move to dismiss Plaintiff's suit in whole or in part on any of the grounds listed in Rule 12(b).

**I.     NATURE OF THE CASE**

1. On March 10, 2022, Plaintiff Michael Motylinski ("Plaintiff") filed a civil action in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, styled *Michael Motylinski v. Ryan C. Meade and Quintairos, Prieto, Wood & Boyer, P.A.*, ST-2022-CV-00089. *See generally* Complaint ("Compl."), attached hereto as part of composite Exhibit A.

2. In his Complaint, Plaintiff seeks compensatory and punitive damages allegedly resulting from Defendants' "represent[ion] [of] Plaintiff in a matter against Glacial Energy (VI). LLC and Marilyn Lobel" before this Court. *See, e.g.*, Compl. ¶¶ 5, 20-21.

3. In his Complaint, Plaintiff asserts claims for breach of contract, breach of fiduciary duty, and negligence against Meade and QPWB (as Meade's employer during Meade's representation of Plaintiff). *See, e.g.*, Compl. ¶¶ 6, 22-32.

4. QPWB was served with Plaintiff's Summons and Complaint on April 1, 2022.

5. Meade was served with Plaintiff's Summons and Complaint on April 13, 2022.

**II.    NOTICE OF REMOVAL IS TIMELY**

6. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it was filed within 30 days of notice of the Superior Court civil action by "service or otherwise" on QPWB.

**III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

7. This suit is an action over which this Court would have original jurisdiction under the provisions of 28 U.S.C. § 1332 and, therefore, one that may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

8. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between— (1) citizens of different States . . . " 28 U.S.C. § 1332(a)(1).

9. As explained below, this action may be removed to this Court pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the Virgin Islands; Meade is a citizen of the State of Georgia; and QPWB is a citizen of the State of Florida; and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

10. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because this Court has "original jurisdiction" over this action under 28 U.S.C. § 1332, the case may be removed pursuant to 28 U.S.C. § 1441.

### A. Diversity of Citizenship Exists Among The Parties

11. Plaintiff alleges that he is a resident of the United States Virgin Islands. See Compl. ¶ 2 (Exhibit A).

12. Defendant Meade is a citizen of the State of Georgia for purposes of diversity jurisdiction. *See* Declaration of Ryan C. Meade, attached as Exhibit B.

13. Defendant QPWB is a citizen of the State of Florida for purposes of diversity jurisdiction. *See also*, Compl. ¶ 5 (Exhibit A) (Plaintiff alleges that "Defendant, Quintairos, Prieto, Wood & Boyer, P.A., is, upon information, a Florida professional association.")

### B. The Amount In Controversy Requirement Is Satisfied

14. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), Defendants assert that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper

3

on the basis of an amount in controversy … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."). The Third Circuit has explained that "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

15.     Plaintiff is seeking, *inter alia*, economic loss, non-economic compensatory damages, and punitive damages in this action. The action is based upon a claim that Defendants did not properly represent Plaintiff in an action entitled "Motylinski v Glacial Energy (VI), LLC and Marilyn Lobel," which was filed in this Court under Case Number 3:13-cv-00127 (the "underlying action"). Plaintiff alleges in this action that the underlying action was dismissed due to the negligence of the defendants. In the underlying action, plaintiff alleged that his damages in that action exceeded $250,000. *See* Doc. No. 1, ¶48 and ¶59 in Case No. 3:13-cv-00127.

16.     Moreover, the allegations relating to Plaintiff's alleged injuries suggests that the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff's complaint states, "[a]s a result of the actions and inactions of Defendants, Plaintiff suffered economic loss, mental anguish, suffering, and loss of enjoyment of life that, in all likelihood, will continue into the foreseeable future." Compl. ¶ 21 (Exhibit A).

17.     In sum, while Defendants deny Plaintiff's allegations and reserve all defenses with respect to the same, the Complaint on its face places at issue more than $75,000, exclusive of interest and costs, and therefore exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

**IV.    CONSENT TO REMOVAL**

18.     Defendants Meade and QPWB herein jointly notice the removal of this action to federal court, and, by the signatures of their respective counsel below, each consent to the removal of this action to federal court (while preserving all possible defenses, including lack of personal jurisdiction).

## V.     VENUE IS PROPER

19.     The District Court of the Virgin Islands is the federal district encompassing the Superior Court of the Virgin Islands (Division of St. Thomas and St. John), where this suit was originally filed. This action is therefore being removed to the District Court for the district embracing the place where the action is pending, in accordance with 28 U.S.C. § 1441(a).

## VI.    NOTICE OF REMOVAL TO ALL PARTIES AND STATE COURT AND COPIES OF ALL PLEADINGS

20.     Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be provided promptly to Plaintiff as of the date of this filing.

21.     Pursuant to 28 U.S.C. § 1446(d), Defendants will file this notice of removal with the Superior Court of the Virgin Islands (Division of St. Thomas and St. John). *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

22.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and Orders filed in this cause are attached hereto as composite Exhibit A.

## VII.   PRESERVATION OF ALL DEFENSES

23.     By removing this matter, Defendants do not waive or intend to waive any defense, including but not limited to improper venue, personal jurisdiction, insufficiency or process,

insufficiency of service of process, untimely service of process, statute of limitations, or any other defenses cognizable under Federal Rule of Civil Procedure 4, 8, 9, 12, 38, 39, 56 or any other procedural rule, contractual provision or substantive law.

## VIII. <u>CONCLUSION</u>

This case is properly removable under 28 U.S.C. § 1441.

WHEREFORE, RYAN C. MEADE and QUINTAIROS, PRIETO, WOOD & BOYER, P.A. hereby give notice that the matter styled as *Michael Motylinski v. Ryan C. Meade and Quintairos, Prieto, Wood & Boyer, P.A.*, ST-2022-CV-00089, is removed to the District Court of the Virgin Islands, Division of St. Thomas and St. John.

Dated: April 19, 2022                                Respectfully Submitted:

*/s/ Andrew C. Simpson*
Andrew C. Simpson, Esq.
asimpson@coralbrief.com
ANDREW C. SIMPSON P.C.
V.I. Bar No.: 451
2191 Church St., Ste. 5
Christiansted, St. Croix
U.S. Virgin Islands 00820
Tel.:  (340) 719-3900
*Counsel for Defendant Ryan C. Meade*


*/s/ Kyle R. Waldner*
Kyle R. Waldner, Esq.
kwaldner@qpwblaw.com
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
V.I. Bar No.: 1038
1000 Blackbeard's Hill, Ste. 10
St. Thomas, VI 00802
Tel.:  (340) 693-0230
*Counsel for Defendant Quintairos, Prieto, Wood & Boyer, P.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2022, I filed the foregoing Notice of Removal with the Clerk of the Court using the Court's CM/ECF system, and served a copy of this filing by email to the following counsel of record in the removed action, who have not yet entered an appearance before this Court:

Lee J. Rohn, Esq.
info@rohnlaw.com
Lee J. Rohn And Associates, LLC
1108 King Street, Suite 3
56 King Street, Third Floor
Christiansted, St. Croix
U.S. Virgin Islands 00820

Andrew C. Simpson, Esq.
asimpson@coralbrief.com
Andrew C. Simpson P.C.
2191 Church St., Ste. 5
Christiansted, St. Croix
U.S. Virgin Islands 00820

                                            */s/ Kyle R. Waldner*
                                            Kyle R. Waldner, Esq.
                                            kwaldner@qpwblaw.com
                                            V.I. Bar No.: 1038