IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MICHAEL MOTYLINSKI, | |
| Plaintiff, | CIVIL NO. 3:22-CV-00028 |
| v. | |
| RYAN C. MEADE and QUINTAIROS, PRIETO, WOOD & BOYER, P.A., | **BREACH OF CONTRACT** |
| Defendants. | JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO TRANSFER VENUE**

Plaintiff Michael Motylinski, by and through undersigned counsel, provides the following in opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue and Memorandum of Law in Support.

**INTRODUCTION**

Defendants request a stay of all discovery pending resolution of Defendants' Motion to Transfer to the United States District Court for the Southern District of Florida, but Defendants fail to meet their burden to demonstrate that they are entitled to the "extraordinary remedy" of a stay of all pending discovery. Accordingly, the Court should **DENY** Defendants' Motion.

**BACKGROUND**

On March 12, 2022, Plaintiff initiated this legal malpractice action in the Virgin Islands Superior Court after Defendants failed to properly prosecute Plaintiff's wrongful discharge action. [ECF No. 1]. The underlying wrongful discharge action alleged that, in September 2013, Plaintiff

**LEE J. ROHN AND ASSOCIATES, LLC**
1108 King St, Ste 3
Christiansted, VI 00820
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

*Motylinski, Michael v. Ryan C. Meade, et. al.*, Civil No. 3:22-CV-00028
Opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue
Page 2

was wrongfully terminated in retaliation for taking leave under the Family and Medical Leave Act to care for his newborn child. [ECF No. 1].

On April 19, 2022, Defendants filed a notice of removal. [ECF No. 1].

On April 20, 2022, Defendants filed a Motion to Transfer Venue, or, in the Alternative, to Dismiss. [ECF No. 4]. Plaintiff opposed. [ECF No. 6]. Defendants replied. [ECF No. 8].

On May 17, 2022, Plaintiff filed a Motion to Remand, or Alternatively, to Conduct Jurisdictional Discovery of Defendant Ryan Meade's Domicile. [ECF No. 7]. Defendants opposed. [ECF No. 9]. Plaintiff replied. [ECF No. 20]. On September 12, 2022, Plaintiff filed his Supplemental Brief in Support of Motion to Remand. [ECF No. 46]. Plaintiff's Motion to Remand is still pending and the Court must determine the Motion to Remand prior to the Motion to Transfer.[1]

On June 24, 2022, Defendant QPWB provided its Rule 26 Disclosures. The same day, Plaintiff provided his Rule 26 Disclosures. Despite Defendants' claim that the parties have exchanged Rule 26 initial disclosures, Plaintiff has yet to receive Rule 26 Disclosures from Defendant Meade.

On July 1, 2022, the Court entered its Trial Management Order providing, in part, that "[t]he parties may conduct jurisdictional discovery until July 31, 2022" and that "[o]ther fact discovery

---

[1] The issue of remand involves federal subject matter jurisdiction, and all other orders of the court are futile without it. *See* 28 U.S.C. § 1441(b); *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."); *Hall v. Welch Foods, Inc.,* No. 17-3997, 2017 WL 4422418, *3 (D.N.J. Oct. 5, 2017) (addressing plaintiff's motion to remand prior to considering defendant's motion to transfer despite the motion to transfer being filed first because the motion to remand requires determining whether the court has federal subject matter jurisdiction).

*Motylinski, Michael v. Ryan C. Meade, et. al*., Civil No. 3:22-CV-00028
Opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue
Page 3

may commence on August 1, 2022." [ECF No. 35, ¶¶ 2-3]. At that time Defendants orally moved for a stay of all discovery until October 2022 when it predicted its motion to transfer would be decided. Plaintiff orally opposed that motion and the Court ruled against Defendants when it stated that merits discovery may commence on August 1, 2022.

After conducting jurisdictional discovery, on September 14, 2022, Plaintiff submitted discovery requests regarding the merits of the legal malpractice action to both Defendants.

On September 28, 2022, Defendants filed a Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue [ECF Doc. 54] as well as a Memorandum of Law in Support of Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue [ECF Doc. 55]. Plaintiff now provides the following in opposition.

## LEGAL ARGUMENT

### I. Plaintiff's Motion to Remand dictates discovery should proceed.

Relying upon *Xinuos, Inc v. Int'l Bus. Machines Corp.,* 2022 WL 1224445 (D.V.I Apr. 26, 2022) and *McDonnell Douglas Corp. v. Polin,* 429 F.2d 30 (3d Cir. 1970), Defendants claim that a stay of discovery pending the outcome of a motion to transfer is "routine." [ECF No. 55, p. 4]. Defendants' use of the word "routine" is merely an attempt to normalize their *extraordinary* request. Their request is not routine. While "there can be a benefit to staying discovery on the merits until challenges to jurisdiction are resolved, [ ] the matter should be addressed with discretion and not as an absolute rule." *Sparks Tune-Up Centers, Inc. v. Strong,* No. 92 C 5902, 1993 WL 410067, *2 (N.D. Ill. Sept. 16, 1993) *citing* 8 C. Wright and A Miller, *Federal Practice and Procedure: Civil* §

*Motylinski, Michael v. Ryan C. Meade, et. al.*, Civil No. 3:22-CV-00028
Opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue
Page 4

2040 at 388 (1970).

While Plaintiff respects the holding of *Xinous,* the presence of only two cases since 1970 does not equate to a stay of discovery pending the outcome of a motion to transfer as "routine."[2] The distinguishing factor in this case versus *Xinuos*[3] and *Polin* is that Plaintiff's Motion to Remand is pending. [ECF No. 7]. This distinction is important in two respects. First, motions to remand take priority over motions to transfer. Second, pending motions to remand have never been the basis for not permitting merits-based discovery to proceed because the discovery would be utilized even if the case was pending in another forum.

"[S]ubject matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *U.S. v. Cotton,* 535 U.S. 625, 630 (2002). If the court is without federal subject matter jurisdiction, all other orders of the court are futile. *See* 28 U.S.C. § 1441(b); *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the

---

[2] *Xinuos* adopted the Third Circuit's reasoning in *Polin*; specifically: "[j]udicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts." *Xinuos*, 2022 WL 1224445 at *2 (*citing Polin*, 429 F.2d at 30). As Defendants point out multiple times, the policy of *Polin* is rooted in comity. "Comity" is the "principle or practice among political entities (… courts of different jurisdictions), whereby … judicial acts are mutually recognized." BLACK'S LAW DICTIONARY (11th ed. 2019), *comity* (emphasis added). Notably, however, subsection (d) of § 1404 specifically provides that "[t]ransfers from a district court of the United States to … the District Court of the Virgin Islands **shall not be permitted under this section**." 28 U.S.C. § 1404(d) (emphasis added). The holding in *Xinuos* creates a policy in the District Court of the Virgin Islands that is grounded in "comity" but only serves the district courts of the United States and not the District Court of the Virgin Islands.
[3] Notably, as demonstrated *infra,* this matter is also distinguishable from *Xinuos* because the factors here weigh against a stay of discovery.

*Motylinski, Michael v. Ryan C. Meade, et. al.*, Civil No. 3:22-CV-00028
Opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue
Page 5

removal statute should be strictly construed, and all doubts should be resolved in favor of remand.") (*citing* 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3642, at 149 (2d ed 1985); *Wood v. Home Insur. Co.,* 305 F.Supp. 937, 938 (C.D.Cal. 1969)); *Hall v. Welch Foods, Inc.,* No. 17-3997, 2017 WL 4422418, *3 (D.N.J. Oct. 5, 2017) (addressing plaintiff's motion to remand prior to considering defendant's motion to transfer despite the motion to transfer being filed first because the motion to remand requires determining whether the court has federal subject matter jurisdiction); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Liberty Mut. Ins. Co.,* 878 F.Supp. 199, 203 (M.D. Ala. 1995) ("The Court must possess jurisdiction before it may rule on Defendant's requested motions. The Court has determined that this case is due to be remanded; therefore, not having jurisdiction, it must decline Defendants' invitation to determine their motions on the merits."). Accordingly, the Court should address the motion to remand prior to deciding the motion to transfer.

When a motion to remand is pending, parties must continue to litigate in federal court. *See Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 102 (5th Cir. 1990) ("[T]he fact that a motion for remand was pending does not excuse failing to pursue discovery diligently."); *Anoruo v. Valley Health Sys., LLC,* No. 2:00318-cv-00105-MMD-NJK, 2018 WL 1785866, at *3 (D. Nev. Apr. 13, 2018) ("[E]ven if the motion to remand is granted, 'that will not render any discovery conducted moot or otherwise result in a waste of the parties' resources.' 'This action will either continue in federal court or in state court. Unless the case settles, discovery will proceed regardless of the outcome of the District Court's remand decision.'"); *Hoffman v. State Farm Fire & Cas. Co.,* No. 15-309-JWD-RLB, 2015 WL 4657522, at *2 (M.D. La. Aug. 5, 2015) ("The filing of a motion to

*Motylinski, Michael v. Ryan C. Meade, et. al.*, Civil No. 3:22-CV-00028
Opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue
Page 6

remand does not automatically stay discovery."); *Grammer v. Colo. Hosp. Ass'n Shared Servs.,* No. 2:14-cv-1701, 2015 WL 268780, *2 (D. Nev. Jan. 21, 2015) ("Although the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially jurisdictional motion is pending, Rule 26(c)(1) states that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."); *Riverside Constr. Co. v. Entergy Miss., Inc.,* No. 5:13cv29-KS-MTP, 2013 WL 1776007, at *2 (S.D. Miss. Apr. 25, 2013) ("A motion to remand does not automatically stay all discovery in a civil action."); *Naiyan v. Sodexo, Inc.,* CV 10-9872, 2011 WL 13217966, *1 (C.D. Cal. Aug. 3, 2011) ("Local Rule 23-3 clearly requires that a motion for class certification be filed 'within 90 days after service of a pleading purporting to commence a class action" or the date of removal. L.R. 23-3. There is nothing to suggest that a motion to remand automatically tolls the 90-day period without a court first, in its discretion, issuing an 'order' to that end."). Therefore, federal courts are in general agreement that when a motion to remand is pending, the Court should allow discovery to proceed.

Additionally, Defendants have indicated they intent to provide additional filings on the Motion to Remand which will further delay the proceedings and Plaintiff's ability to obtain time sensitive discovery. The Court should DENY Defendants' Motion to Stay Discovery and allow discovery to proceed.

### II. Defendants' Motion is an untimely and unsupported motion to reconsider and must be DENIED.

As Defendants admit in their Motion to Stay Discovery, Defendants already requested a stay of discovery on the merits until October 3, 2022. [ECF No. 55, p. 2]. The Court denied their motion

*Motylinski, Michael v. Ryan C. Meade, et. al.*, Civil No. 3:22-CV-00028
Opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue
Page 7

and entered its Trial Management Order providing, in part, that "[t]he parties may conduct jurisdictional discovery until July 31, 2022" and that "[o]ther fact discovery may commence on August 1, 2022." [ECF No. 35, ¶¶ 2-3]. Accordingly, Defendants' Motion is a motion to reconsider. However, Defendants failed to comply with LRCi 7.3 and failed to support their request with appropriate legal authority.

Rule 7.3 requires a party to file a motion to reconsider based upon an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice, and to state the specific basis. LRCi 7.3(a)-(b). Moreover, a party must include the following certification: "I express a belief, based on a reasoned and studied professional judgment, that the grounds for reconsideration above are present in this case." LRCi 7.3(c). Defendants failed to comply with any of these requirements.

Defendants further fail to support their request with appropriate legal authority and the argument is therefore waived. *Rimas Prop., LLC v. Amalgamated Bank,* 451 Fed.Appx. 163, *2 (3d Cir. 2011) ("Because Rimas fails to provide legal authority in support of this argument, we deem the issue waived.") *citing Kost v. Kozakiewicz,* 1 F.3d 176, 182 (3d Cir. 1993).

Defendants' Motion is untimely and waived and should be DENIED.

**III. Defendants' Motion is a motion for a protective order and Defendants failed to show why this Court should stay discovery**

In the event the Court does not treat Defendants' Motion as a Motion to Reconsider (which it is), Defendants' Motion to Stay Discovery is at its core a motion for a protective order. *See Smith v. Evans,* 853 F.2d 155, 158 (3d Cir. 1988) ("[T]he function of the motion, not the caption, dictates

*Motylinski, Michael v. Ryan C. Meade, et. al*., Civil No. 3:22-CV-00028
Opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue
Page 8

which Rule applies.") *overruled on other grounds by Lizardo v.U.S.,* 619 F.3d 273, 276-77 (3d Cir. 2010); *Turner v. Evers,* 726 F.2d 112, 114 (3d Cir. 1984) ("The focus … is on the function of the motion, not its caption."). Rule 26(c) gives a court the discretionary authority to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of "good cause." Fed. R. Civ. P. 26(c). Such authority includes the ability to order a stay of discovery. *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936).

However, a stay is an "extraordinary remedy." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.,* No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. 2013) *citing U.S. v. Cianfrani,* 573 F.2d 835, 846 (3d Cir. 1978). The movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair *possibility* that the stay for which he prays will work damage to someone else." *Landis,* 299 U.S. at 254-55 (emphasis added). "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Actelion Pharm., Ltd. V. Apotex, Inc.,* No. 12-5713 (NLH/AMD), 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013) (citing reference omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Grp., Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986).

Courts have consistently held that where a party seeks a stay of discovery, the party must meet the "heavy burden" of a "strong showing" why discovery should be denied. *See Weeks v. Leeward Islands Apothecaries, LLC,* No. 1:09-CV-50, 2010 WL 2160281, at *1 (D.V.I. May 26,

*Motylinski, Michael v. Ryan C. Meade, et. al.*, Civil No. 3:22-CV-00028
Opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue
Page 9

2010).

In considering a motion to stay, courts evaluate the following factors:

(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery s complete and/or a trial date has been set.

*See Udeen v. Subaru of Am., Inc.,* 378 F. Supp. 3d 330, 334 (D.N.J. 2019) (citing *Jackson v. Trump Entertainment Resorts, Inc.,* C.A. 13-1605 (JHR/JS, 2015 WL 13637411, at *4 (D.N.J. Feb. 11, 2015)).

### a. A stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

Courts universally recognize that delay causes prejudice to a party because delay results in the loss of witnesses, the loss of physical evidence, and the loss of memory. *U.S. v. Marion,* 404 U.S. 307, 326 (1971) (providing that there is "the real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible and evidence be lost"); *Smith v. Caterpillar, Inc.,* 338 F.3d 730, 733 (7th Cir. 2003) (prejudice caused by stale evidence in the context of the defense of laches); *U.S. v. Muse,* 633 F.2d 1041, 1052 (2d Cir. 1980); *U.S. v. Mays,* 549 F.2d 670, 677 (9th Cir. 1977).

In *Udeen*, the Court found that the plaintiffs would be prejudiced if all discovery is stayed while waiting for defendants' motion to be decided. Given the "expected time it will take for the motion to be decided, the case will be in suspense for months if defendants' request is granted," and "[h]aving filed their complaint plaintiffs have a right to move forward." 378 F. Supp. 3d. at 332

*Motylinski, Michael v. Ryan C. Meade, et. al*., Civil No. 3:22-CV-00028
Opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue
Page 10

(*citing Costantino v. City of Atlantic City,* C.A. No. 13-6667 (RBK/JS), 2015 WL 668161, at *3 (D.N.J. Feb. 17, 2015) (a delay in plaintiffs' efforts to diligently proceed with their claims substantially prejudices plaintiffs).

The Court was concerned that the longer the case languished "the greater chance exists that relevant evidence may be lost or destroyed." *Udeen,* 378 F.Supp. 3d at 332 (*citing Clinton v. Jones,* 520 U.S. 681, 707-08, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("[D]elaying trial would increase the danger of prejudice resulting from the loss of evidence including the inability of witnesses to recall specific facts, or the possible death of a party"); *New York v. Hill,* 528 U.S. 110, 117, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000) ("Delay can lead to a less accurate outcome as witnesses become unavailable and memories fade.").

The longer Defendants are permitted to wait to respond to the discovery Plaintiff has timely submitted under the operative scheduling order, the less likely Plaintiff is going to receive meaningful responses because of the passage of time which severely undermines Plaintiff's ability to bring this action against Defendants.

Plaintiff would be prejudiced by the risk of lost evidence or faded memories. This factor weighs against granting a stay of discovery and Defendant's motion to stay should be DENIED.

> **b. Denial of a stay does not create a clear case of hardship or inequity for the moving party.**

Defendants have failed to demonstrate that a stay would create a clear case of hardship or inequity for them. Courts require that, "the party seeking [a] protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by

*Motylinski, Michael v. Ryan C. Meade, et. al.*, Civil No. 3:22-CV-00028
Opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue
Page 11

specific examples or articulated reasoning" do not suffice. *Cipollone v. Liggett Grp., Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986). Defendants fails to demonstrate that they will suffer *any* hardship or inequity if the stay is denied, let alone specific examples or articulated reasoning. Defendants merely make a broad allegation of harm. A lack of prejudice and lack of undue hardship to defendants favor the plaintiff. *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d at 332–33 ("the Defendants' concern about 'extremely expensive' discovery is overblown.") (holding that relevant factors weigh in plaintiffs' favor for denying stay of discovery).

Defendants claim that denial of the stay creates a clear case of hardship for the Defendants because allegedly nearly all the witnesses in this matter reside outside of the U.S. Virgin Islands. [ECF No. 7]. Notably, however, *not a single witness resides in Florida* and in fact Plaintiff resides in the Virgin Islands and the objective evidence is that Defendant Meade [as explained in Plaintiff's Supplemental Brief, ECF Doc. 46] is domiciled in the Virgin Islands, practices law in the Virgin Islands and QBWP has offices in the Virgin Islands. Therefore, the Virgin Islands is where all three Defendants are present. The difficulty in obtaining witness testimony is essentially the same. There is not a clear case of hardship for the Defendants.

This factor weighs against granting a stay and Defendant's motion to stay must be DENIED.

### c. A stay does not simplify the issues and the trial of the case.

A stay of the case will not simplify the issues because regardless of whether Defendants' Motion to Transfer Venue is granted or denied, the parties still need to conduct discovery. Defendants cursorily claim that because they intend to object to Plaintiff's discovery requests that

*Motylinski, Michael v. Ryan C. Meade, et. al*., Civil No. 3:22-CV-00028
Opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue
Page 12

this Court cannot apply Florida law which Plaintiff "agreed" governs this dispute. [ECF Doc. 55, p. 2]. Defendant misleads the Court by claiming Plaintiff agrees Florida law governs this dispute. First, Plaintiff obviously does not agree that Florida law governs (and does not agree to Florida as a venue) as explicitly addressed in Plaintiff's Opposition to Motion to Transfer Venue. [ECF Doc. 6]. In fact, as Plaintiff has already demonstrated to the Court, this matter is governed by U.S. Virgin Islands law. [ECF Doc. 6, p. 5-15]. Second, the Virgin Islands and Florida follow the same standard for legal malpractice cases and the same federal rules of civil procedure apply. It is therefore irrelevant whether discovery proceeds now or later. [ECF Doc. 6, p. 15-18].

Therefore, this factor weighs against a stay and Defendants' Motion should be DENIED.

### d. Discovery is incomplete but a trial date has been set.

Discovery is incomplete and a trial date has been set. Therefore, it is important that the parties proceed with discovery as expeditiously as possible. Balancing all four factors, Defendants have *not* met their burden that they are entitled to the "extraordinary remedy" of a stay of discovery. Therefore, the Court should DENY Defendants' Motion.

*Motylinski, Michael v. Ryan C. Meade, et. al.*, Civil No. 3:22-CV-00028
Opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue
Page 13

                                                RESPECTFULLY SUBMITTED
                                                LEE J. ROHN AND ASSOCIATES, LLC
                                                Attorneys for Plaintiff

DATED:  October 17, 2022          BY:   */s/ Lee J. Rohn*
                                                      Lee J. Rohn, Esq.
                                                      VI Bar No. 52
                                                      1108 King Street, Suite 3 (mailing)
                                                      56 King Street, Third Floor (physical)
                                                      Christiansted, St. Croix
                                                      U.S. Virgin Islands 00820
                                                      Telephone: (340) 778-8855
                                                      lee@rohnlaw.com

*Motylinski, Michael v. Ryan C. Meade, et. al*., Civil No. 3:22-CV-00028
Opposition to Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Transfer Venue
Page 14

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on October 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

**Andrew C. Simpson, Esq.**
Andrew C. Simpson, P.C.
2191 Church Street, Suite 5
Christiansted, VI  00820
Email Address: asimpson@coralbrief.com
   Attorney For: Ryan C. Meade

**Kyle R. Waldner, Esq.**
Quintairos, Prieto, Wood & Boyer, P.A.
1000 Blackbeard's Hill, Suite 10
St. Thomas, VI  00802
Email Address:   kwaldner@qpwblaw.com;   jmena@qpwblaw.com; tanner.lawrence@qpwblaw.com
   Attorney For: Quintairos, Prieto, Wood & Boyer, P.A.

BY: ___/s/ *Lee J. Rohn*_____(bf)