IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MICHAEL MOTYLINSKI, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) Civil No. 2022-28 <br> vs. ) <br> ) <br> RYAN C. MEADE and QUINTAIROS, ) <br> PRIETO, WOOD & BOYER, P.A., ) <br> ) <br> ) <br> Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Michael Motylinski filed this legal malpractice case on March 10, 2022, in the Superior Court of the Virgin Islands. [ECF 1-1]. Defendants Ryan Meade and Quintairos, Prieto, Wood & Boyer, P.A. ("the Law Firm") removed the case to this Court on April 19, 2022. [ECF 1]. The next day, they moved to dismiss or transfer the action to the United States District Court for the Southern District of Florida under 28 U.S.C. §1404(a). [ECF 4]. Plaintiff opposed the motion to transfer venue and on May 17, 2022, moved to remand the case to the Superior Court, contending there was a lack of diversity. [ECFs 6, 7]. Both motions are fully briefed. On September 28, 2022, defendants moved to stay discovery until the venue issue is decided. [ECF 54]. Plaintiff opposed the stay motion and defendants replied. [ECFs 62, 63]. The motion to stay is ripe for decision.

I.  LEGAL STANDARDS

The Court of Appeals for the Third Circuit has acknowledged that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). Federal Rule of Civil Procedure 26(c) gives a court the discretionary authority to "issue an order to protect a party or person from

*Motylinski v. Meade, et al.*
Civil No. 2022-28
Page 2

annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of "good cause." Fed. R. Civ. P. 26(c). Such authority includes the ability to order a stay of discovery. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

A stay, however, is an "extraordinary remedy." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013) (citing *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978)). Therefore, the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255; *see also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

In deciding whether to stay discovery, a court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Actelion Pharm., Ltd. v. Apotex, Inc.*, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013) (citation omitted). However, in *Mann v. Brenner*, the Third Circuit recognized that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." 375 F. App'x 232, 239 (3d Cir. 2010); *see also Actelion Pharm., Ltd.*, 2013 WL 5524078, at *5 (the filing of a dispositive

motion may support a stay of discovery where the "resolution of the dispositive motion may narrow or outright eliminate the need for discovery" (internal quotation marks and citation omitted)).

In considering a motion to stay, courts evaluate the following factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Vitalis v. Crowley Caribbean Servs.*, 2021 WL 4494192, at *1 (D.V.I. Sept. 30, 2021); *Actelion Pharm., Ltd.*, 2013 WL 5524078, at *3.

In a case involving a motion to transfer, the Third Circuit determined it was "not proper to postpone consideration of the application for transfer under §1404(a) until discovery on the merits is completed," as the district judge in that case had done. *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970). In making that determination, the *Polin* court observed:

> Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts.

*Id*. The court thus held that "the motion to transfer under §1404(a) should be considered and decided . . ., and then only if the court should deny the motion to transfer should discovery go forward." *Id*. at 31.

## II. DISCUSSION

A. <u>The Parties' Positions</u>
According to Meade and the Law Firm, discovery stays pending the resolution of venue-

based motions are "routine," citing *Polin* and this Court's recent order in *Xinuos, Inc. v. Int'l Bus. Machines Corp.*, 2022 WL 1224445 (D.V.I. Apr. 26, 2022). [ECF 55] at 4. In addition, defendants contend that the four-factor balancing test of *Vitalis* and *Actelion* compels the conclusion that a stay is warranted. *Id*. at 5–8. Motylinski, on the other hand, argues that because he has moved to remand the action, he has placed subject matter jurisdiction into question, and the resolution of the remand motion should take priority over the venue issue. [ECF 62] at 4–5. Motylinski argues further that while the remand motion is pending, the parties may continue to pursue discovery in the federal court. *Id*. at 5–6. Finally, plaintiff claims that even under the four-factor test, a stay is not appropriate. *Id*. at 8–12.[1]

The Court finds that plaintiff raises a good point: While there exists a challenge to this Court's subject matter jurisdiction by virtue of the remand motion, this Court should refrain from making any orders—including discovery orders—that might later be subject to being vacated. As a result, a stay of discovery would be appropriate. Further, the Court finds that even under the four-factor test, the issuance of a stay is warranted here.

B. <u>Applying the Four-Factor Test</u>

    1. <u>Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to the Non-Moving Party</u>

Meade and the Law Firm contend that plaintiff will suffer no undue prejudice if a stay is granted pending a decision on their motion to transfer. [ECF 55] at 6. While not pointing to anything specific, Motylinksi argues generally that delay might be prejudicial, and that he might be "prejudiced by the risk of lost evidence or faded memories." [ECF 62] at 10.

---

[1] Plaintiff also contends that defendants' present motion is actually a motion to reconsider a prior ruling denying a motion to stay. [ECF 62] at 6–7. No motion to stay was previously filed, and this Court did not deny any such motion.

*Motylinski v. Meade, et al.*
Civil No. 2022-28
Page 5

The Court finds that Motylinski has not identified—other than general concerns about delay—any undue prejudice to him that would attend a limited stay pending a decision on the transfer motion. The issues plaintiff identifies are no different in kind or quantity than the risks present in all litigation that is not otherwise expedited. Plaintiff does not identify any evidence or witnesses of particular concern. Thus, the information relevant to plaintiff's claims should be readily available if, and when, discovery proceeds in this case. This factor weighs in favor of granting a stay of discovery.

2. <u>Whether Denial of the Stay Would Create a Clear Case of Hardship or Inequity for the Moving Party</u>

As to the hardship that they might endure should a stay be denied, defendants state: "nearly *all* witnesses here reside outside of the USVI. There are no identifiable records existing in the USVI." [ECF 55] at 7. Defendants also point out that Florida, "the parties' agreed venue" under the contract for services, "is the most convenient place to conduct discovery as it permits easier access to most witnesses." *Id*.

In response, Motylinksi urges that no witnesses reside in Florida; that plaintiff resides in the Virgin Islands; that the Law Firm has an office in the Territory; and defendant Meade also practices in the Virgin Islands. [ECF 62] at 11. Plaintiff therefore concludes that defendants have not made out a clear case of hardship to them absent a stay. *Id*.

The Court finds that defendants have not demonstrated sufficient prejudice to them if required to proceed with discovery while the motion to transfer is pending. The second factor thus does not support imposing a stay.

3. <u>Whether a Stay Would Simplify the Issues and the Trial of the Case</u>

The defendants argue that a stay may result in simplification because if the motion to

*Motylinski v. Meade, et al.*
Civil No. 2022-28
Page 6

transfer is granted, the case in this Court will terminate. [ECF 55] at 7.[2] Plaintiff counters that the "Virgin Islands and Florida follow the same standard for legal malpractice cases and the same federal rules of civil procedure apply." [ECF 62] at 12. Plaintiff thus concludes that a stay would not simplify the case. The Court finds that a complete transfer of this case to another jurisdiction—whether by a transfer or a remand—would certainly simplify the issues from this Court's perspective. As a result, this factor weighs in favor of granting a stay.

    4.    <u>Whether Discovery is Complete and/or a Trial Date Has Been Set</u>

Finally, the Court considers the stage of this case at the time the stay was sought. It is not disputed that although the Court has put a discovery schedule in place and assigned a trial date, discovery on the merits has yet to begin in earnest. Thus, this factor weighs in favor of a stay.

### III.    CONCLUSION

Applicable case law counsels in favor of staying discovery until the motion to transfer is resolved, and that plaintiff challenges this Court's jurisdiction underscores that a stay makes sense. Moreover, the Court finds that equitable considerations and the four-factor test support granting a stay.

Accordingly, the premises considered, it is ORDERED that the motion to stay discovery pending resolution of the transfer motion [ECF 54] is GRANTED.

**Dated:** November 15, 2022           S\_____
                                                                      **RUTH MILLER**
                                                                      United States Magistrate Judge

---

[2] The same would also be true if the motion to remand is granted.