**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **MICHAEL MOTYLINSKI,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 3:22-cv-0028** |
| ) | |
| **v.** ) | |
| ) | |
| **RYAN C. MEADE and QUINTAIROS, PRIETO,** ) | |
| **WOOD & BOYER, P.A.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## <u>ORDER</u>

**BEFORE THE COURT** is Plaintiff's Motion to Remand, or Alternatively, to Conduct Jurisdictional Discovery of Defendant Ryan Meade's Domicile. (ECF No. 7.) Defendants opposed the motion (ECF No. 9.) Plaintiff filed a reply. (ECF No. 20.)

A defendant may remove a civil action to federal court, including based on diversity of citizenship, pursuant to 28 U.S.C. § 1446, "if the plaintiff could have originally filed the action in federal court" and the defendant has the burden to establish federal jurisdiction. *Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177, 180 (3d Cir. 2023). On a challenge to removal jurisdiction, courts review the allegations in the complaint and notice of removal to determine whether federal jurisdiction exists. *Id.*

Defendants commenced this action by a Notice of Removal, asserting that Defendant Ryan C. Meade ("Meade") is a citizen of Georgia and Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB") is a citizen of Florida. (ECF No. 1 at 3.) Plaintiff challenges the citizenship of both Meade and QPWB arguing that Defendants have failed to submit sufficient evidence in order for the Court to conclude that they are not citizens of the U.S. Virgin Islands for purposes of diversity jurisdiction.[1]

---

[1] In support of removal, Defendants submitted Meade's declaration, dated April 14, 2022, in which he asserts that he has been a citizen of Georgia since January 1, 2022. (ECF No. 1-2 ¶ 3.) In opposition to the Plaintiff's motion to remand, Meade submitted a declaration, dated May 20, 2022, in which he asserts that he has been a citizen of Georgia from 2019 to the present. (ECF No. 8-1 ¶ 20.)

*Motylinski v. Meade, et al.*
Case No. 3:22-cv-0028
Order
Page **2** of **2**

After careful consideration and review, the Court will allow the parties to engage in jurisdictional discovery to present relevant evidence on the issue of subject matter jurisdiction. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Remand, or Alternatively, to Conduct Jurisdictional Discovery of Defendant Ryan Meade's Domicile, ECF No. 7, is **DENIED, in part**, and **GRANTED, in part**; it is further

**ORDERED** that Plaintiff's motion to remand is **DENIED without prejudice;** it is further

**ORDERED** that Plaintiff's motion to conduct jurisdictional discovery is **GRANTED.** The parties **SHALL** be allowed to conduct jurisdictional discovery to be completed **no later than December 31, 2023;** it is further

**ORDERED** that if, after the conclusion of jurisdictional discovery, Plaintiff seeks to maintain its argument that diversity of citizenship is not present in this case, Plaintiff shall file an appropriate motion **no later than January 17, 2024.** Any responses and replies shall be filed in accordance with the deadlines set forth by the applicable rules.

**Date:** October 18, 2023

/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**