**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **MICHAEL MOTYLINSKI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 3:22-cv-0028 |
| v. ) | |
| ) | |
| **RYAN C. MEADE and QUINTAIROS, PRIETO,** ) | |
| **WOOD & BOYER, P.A.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER**

    **BEFORE THE COURT** are Defendants' Motion to Transfer Venue, or, in the Alternative, to Dismiss (ECF No. 4) and Plaintiff's Motion to Remand, or Alternatively, to Conduct Jurisdictional Discovery of Defendant Ryan Meade's Domicile (ECF No. 7). These motions are fully briefed and are ripe for disposition.

**I. PROCEDURAL BACKGROUND**

    On March 10, 2022, Plaintiff filed a breach of contract action against Defendants in the Superior Court of the Virgin Islands, asserting that Plaintiff and Defendant Ryan C. Meade ("Meade") are residents of the U.S. Virgin Islands and Defendant Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB") is a Florida professional association. (ECF No. 1-1, ¶¶ 2-4.)

    On April 19, 2022, Defendants removed the action to this court by filing a Notice of Removal based on diversity of citizenship under 28 U.S.C. § 1332(a)(1), asserting that Plaintiff is a citizen of the U.S. Virgin Islands, Meade is a citizen of Georgia and QPWB is a citizen of Florida. (ECF No. 1, ¶¶ 11-13.) In support of removal, Defendants submitted Meade's declaration, dated April 14, 2022, in which he stated that he has been a citizen of Georgia since January 1, 2022. (ECF No. 1-2 ¶ 3.) In reply to the Plaintiff's opposition to the Defendants' motion, Meade filed another declaration dated May 20, 2022, stating that he considers himself "to have been a citizen of Georgia from 2019," when the family "decided to stay in Georgia," to the present. (ECF No. 8-1 ¶¶ 11, 20.) According to Meade, in July or August of 2021, he and his wife rented an apartment in St. Thomas with the intent to reside there on

a part time basis "but to continue to live in Georgia part-time." (*Id.* ¶ 13.) In August 2021, Meade obtained a Virgin Islands driver's license and registered to vote in the Virgin Islands. (*Id.* ¶ 15.) However, "[s]ince December 2021, we have had no plans to return to the Virgin Islands" because Meade's "wife had a medical issue that caused us to abandon the plan to return to St. Thomas." (*Id.* ¶¶ 18, 19.) Meade stated that his "children enrolled in school in Georgia for the 2021-2022 school year." (*Id.* ¶ 16.)

In opposition to the Plaintiff's motion to remand, Defendants submitted a declaration by Kyle R. Waldner ("Waldner"), QPWB's managing partner, dated May 31, 2022, in which he asserts that QPWB is a Florida corporation, (ECF No. 9-1 ¶ 4), and a copy of QPWB's certificate of incorporation in Florida (ECF No. 8-2). In the Trial Management Oder, the Magistrate Judge allowed the parties to conduct jurisdictional discovery and to supplement their briefings on the jurisdictional issue. (ECF No. 35.) Thereafter, Plaintiff filed his supplemental brief with Exhibit 1 (Meade's July 13, 2022 deposition transcript), Exhibit 2 (Meade's Virgin Islands Application for Real Estate Broker License dated November 15, 2017, and Meade's Professional License for the year 2019 issued by The Government of the Virgin Islands Department of Licensing and Consumer Affairs), and Exhibit 3 (Meade's U.S. Virgin Islands Voter Registration). Defendants did not file any supplemental brief.

## II. DISCUSSION

A defendant may remove a civil action to federal court pursuant to 28 U.S.C. § 1441, "if the plaintiff could have originally filed the action in federal court." *Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177, 180 (3d Cir. 2023). On a motion to remand, "the removing party carries a 'heavy burden of persuasion'" that the removal was proper. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). On a challenge to removal jurisdiction, courts review the allegations in the complaint and notice of removal to determine whether federal jurisdiction exists. *Rowland.*, 73 F.4th at 180. The defendant's right to remove must exist at the time of removal. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). The removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted).

Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A natural person is a citizen of the state where the person is domiciled, and a corporation "is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). "Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline,* 412 U.S. 441, 454 (1973)). To determine a natural person's domicile, courts consider various factors, "including declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business[,] location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *McCann*, 458 F.3d at 286 (citations omitted). To change domicile instantly a person is required to "take up residence at the new domicile, and he must intend to remain there. Neither the physical presence nor the intention to remain is alone sufficient." *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972). Once acquired, a domicile "'is presumed to continue until it is shown to have been changed.' This principle gives rise to a presumption favoring an established domicile over a new one." *McCann*, 458 F.3d at 286–87 (quoting *Mitchell v. United States,* 21 Wall. 350, 88 U.S. 350, 353 (1874)). Finally, "[d]iversity is to be determined at the time the complaint is filed." *Frett-Smith v. Vanterpool*, 511 F.3d 396, 399 n.4 (3d Cir. 2008).

It is undisputed that plaintiff is a citizen of the U.S. Virgin Islands and QPWB is a corporation and a citizen of Florida. Although Plaintiff asserted in his March 10, 2022 complaint that Meade is a resident of the Virgin Islands, in support of the Notice of Removal, Meade asserted that he considers himself to have been a citizen of Georgia since January 1, 2022. However, Meade's April 14, 2022 assertion in support of removal is inconsistent with and undermined by his May 20, 2022 assertion that he considers himself to be a citizen of Georgia from 2019. Meade provided no explanation for the inconsistency between these two

assertions. Meade's May 20, 2022 declaration is also internally inconsistent. Meade asserts that, in 2019, his family "decided to stay in Georgia," but in the summer of 2021, his family intended "to continue to live in Georgia part-time." Meade's assertion of his intent in 2021 to live in Georgia part-time does not establish that Georgia was a "the place to which, whenever he is absent, he has the intention of returning." *McCann.*, 458 F.3d at 286. Meade submitted no evidence to substantiate his assertion of a Georgia domicile, such as "exercise of political rights, payment of personal taxes, house of residence, and place of business[,] location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *McCann*, 458 F.3d at 286.

In his deposition, Meade testified that he was admitted to the Virgin Islands Bar on September 15, 2006. He was a resident of the Virgin Islands between 2000 and 2005 and relocated to the Virgin Islands again in 2012. Meade lived and worked for QPWB in the Virgin Islands, starting as QPWB's managing attorney in 2012 or 2013. Meade and his family rented a condominium in the Virgin Islands before purchasing a home in St. Thomas in 2014, where Meade lived with his wife and children. Meade's oldest child attended school in the Virgin Islands. Meade obtained a temporary Virgin Islands driver's license on August 4, 2021, and the permanent one on September 1, 2021, and he never canceled it. Meade registered to vote in the Virgin Islands in 2021 and he never canceled his Virgin Islands voter registration. Since his September 30, 2021 separation from QPWB, Meade continued to practice law in the Virgin Islands, where he also acquired a real estate broker's license in 2019, for which he had to be a resident of and maintain a fixed office in the Virgin Islands. He never canceled his real estate broker's license. Meade testified that he is a member of Paradise Found, LLC, which owns a timeshare in the Virgin Islands where he stays when he is in the Virgin Islands. Since October 2021, Meade has been self-employed, practicing law in the Virgin Islands as Ryan Meade Chartered Attorney, LLC, as indicated on his LinkedIn profile. The majority of Meade's cases are located in the Virgin Islands. Since 2019, Meade has listed the Virgin Islands as his address for various purposes, including work, and he has not filed for a change of address with the Post Office to forward his mail from the Virgin Islands to any other location. Although Meade worked remotely from his home office in Georgia during the pandemic, the

majority of his earnings are generated from his legal practice in the Virgin Islands. Meade plans on continuing to represent his Virgin Islands clients in the Virgin Islands courts now that the courts have reopened for personal appearances by counsel.

Based on the evidence in the record, the Court finds that Meade did not satisfy his burden of showing that, when the complaint was filed on March 10, 2022, he was domiciled in Georgia. The Court concludes that Meade's was a citizen of the U.S. Virgin Islands for diversity purposes at the time the complaint was filed and, consequently, removal based on diversity jurisdiction was improper.

### III. CONCLUSION

Because the Court finds that the parties lack diversity of citizenship in this case, the Court will remand this matter to the Superior Court of the Virgin Islands. Having found that removal of this action was improper, the Court finds it is without jurisdiction to address the Defendants' motion to transfer venue. Accordingly, it is hereby

**ORDERED** that the Plaintiff's motion for remand, ECF No. 7, is **GRANTED**; it is further

**ORDERED** that Defendant's motion to transfer venue, ECF No. 4, is **DENIED** for lack of jurisdiction; it is further

**ORDERED** that the Clerk of Court **SHALL** remand this case to the Superior Court of the Virgin Islands; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1447(c), the Clerk of Court shall mail a certified copy of this Order to the Clerk of Court for the Superior Court of the Virgin Islands; and it is further

**ORDERED** that this case is **CLOSED.**

**Dated:** February 8, 2024         /s/ *Robert A. Molloy*
                                                 **ROBERT A. MOLLOY**
                                                 **Chief Judge**